Erwina A. Ong
c/o 385 South Lemon Avenue E 355
Walnut, California [91789]
909-262-2583

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ERWINA A. ONG,

    *Plaintiff*,

CAL- WESTERN RECONVEYANCE CORP., GALILEO FINANCIAL, LLC,

    *Defendants*.

CASE NO:

**VERIFIED COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

**COMES NOW**, Erwina A. Ong, complaining of the Defendants as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of 15 U.S.C., Fair Debt Collection Practices Act, 15 U.S.C. §1692.

I.     **THE PARTIES**

**COMPLAINT FOR DAMAGES**

1

2. Plaintiff Erwina A. Ong is now and at all times relevant to this action as a "state" Citizen of California. Plaintiff is a "consumer" as that term is defined within 15 U.S.C. §1692a (3).

3. Defendant CAL -WESTERN RECONVEYANCE CORP., "Debt Collector" is a limited liability corporation formed under the laws of the state of California. Defendant has a principal place of business located at 525 E. Main St., El Cajon, California 92022. Defendant CAL- WESTERN RECONVEYANCE CORP., is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

4. Defendant Galileo Financial, LLC. Is a limited liability corporation formed under the laws of the State of Utah. Defendant has a principal place of business located at 32392 S Coast Hwy Ste150 Laguna Beach, California 92651.

## II.     JURISDICTION AND VENUE

5. The US District Court District of California has jurisdiction pursuant to 15 U.S.C. §1692 *et, al*, and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of California. Therefore venue is proper within this court.

## III.     FACTUAL ALLEGATIONS

6. Plaintiff brings this action regarding the Defendants, in their continued attempts to collect an alleged debt Defendants claims are owed them. Plaintiff is without knowledge of the alleged debt Defendant claims is owed.

7. On or about November 01 2010, Plaintiff received a notice of default by Defendant CAL- WESTERN RECONVEYANCE CORP., (*see* attached "Exhibit A"). The notice makes numerous claims by Defendant regarding an alleged debt. Plaintiff is without specific knowledge and evidence that supports the Defendant claims and allegations.

8. On or about August 25 2015, Plaintiff served upon CAL- WESTERN RECONVEYANCE CORP., a Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA (*see* attached exhibit B). The notice required the Defendant " debt collector" to validate / verify their alleged debt pursuant to 15 USC§1692g. §1692g states that Defendant must respond with:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**COMPLAINT FOR DAMAGES**
3

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor According to the General Accounting Practices, CAL -WESTERN RECONVEYANCE CORP., must be exact as to how much the alleged loan was.

9. As of the date of the filing of this complaint Plaintiff has not received a response from the Defendant CAL WESTERN RECONVEYANCE CORP.,

10. Defendant received an assignment of the mortgage after the debt was in default. According to U.S.C. Title 15, Section §1692a(4)" The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that **he receives an assignment or transfer of a debt** in default solely for the purpose of facilitating collection of such debt for another." Debt collectors are not allowed to take property.

**COMPLAINT FOR DAMAGES**

4

11. CAL WESTERN RECONVEYANCE CORP., has received an assignment of a debt allegedly owed by Plaintiff. This assignment was recorded at the county recorders office. This assignment was created well after the debt was in default. Additionally, this debt has been securitized and entered into a Remic trust pass through certificate. According to the purchase service agreement of this trust, once the trust is closed, there can be no more loans added or subtracted from the trust, no assignments, no more transfers, period. According to 26 U.S.C. § 860D, a remic trust only has 90 days to move loans in and out of the trust: 26 U.S.C. REMIC defined

(a) General rule For purposes of this title, the terms "real estate mortgage investment conduit" and "REMIC" mean any entity - (1) to which an election to be treated as a REMIC applies for the taxable year and all prior taxable years, (2) all of the interests in which are regular interests or residual interests, (3) which has 1 (and only 1) class of residual interests (and all distributions, if any, with respect to such interests are pro rata), (4) **as of the close of the 3rd month beginning after the startup day and at all times thereafter,** substantially all of the assets of which consist of qualified mortgages and permitted investments, (5) which has a taxable year which is a calendar year, and (6) with respect to which there are reasonable arrangements designed to ensure that - (A) residual interests in such entity are not held by disqualified organizations (as defined in section 860E(e)(5)),

and (B) information necessary for the application of section 860E(e) will be made available by the entity. In the case of a qualified liquidation (as defined in section 860F(a)(4)(A), paragraph (4) shall not apply during the liquidation period (as defined in section 860F(a)(4)(B). (b) Election (1) In general An entity (otherwise meeting the requirements of subsection (a) may elect to be treated as a REMIC for its 1st taxable year. Such an election shall be made on its return for such 1st taxable year. Except as provided in paragraph (2), such an election shall apply to the taxable year for which made and all subsequent taxable years. (2) Termination (A) In general If any entity ceases to be a REMIC at any time during the taxable year, such entity shall not be treated as a REMIC for such taxable year or any succeeding taxable year. (B) Inadvertent terminations If - (i) an entity ceases to be a REMIC, (ii) the Secretary determines that such cessation was inadvertent, (iii) no later than a reasonable time after the discovery of the event resulting in such cessation, steps are taken so that such entity is once more a REMIC, and (iv) such entity, and each person holding an interest in such entity at any time during the period specified pursuant to this subsection, agrees to make such adjustments (consistent with the treatment of such entity as a REMIC or a C corporation) as may be required by the Secretary with respect to such period, then, notwithstanding such terminating event, such entity shall be treated as continuing to be a REMIC (or such cessation shall be disregarded for purposes of

**COMPLAINT FOR DAMAGES**
6

subparagraph (A) whichever the Secretary determines to be appropriate. No where in the PSA, or the above definition does it allow for the ongoing removal of assets after the closing of the Remic.

How can an assignment be valid if it was made years after the trust was closed? And how can anyone, including CAL- WESTERN RECONVEYANCE CORP., or any of the Defendants attempt to collect on a debt that has already been sold to a Remic Trust? Once the loan is sold, the note holder is now the Remic Trust. The Defendants no longer can claim that they can foreclose on Plaintiff Property, the Remic Trust can. Plaintiff will bring up these inquiries during the discovery phase of this lawsuit.

12. The above detailed conduct by the Defendants have more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, relates to the Defendant even if they were collecting a legitimate debt. Plaintiff alleges for the record that the Defendant are not a creditor, lender, nor mortgagee, neither did the Defendants provide any credit, or services to Plaintiffs. The Defendants are a 'debt collector" pursuant to 15 U.S.C. §1692a(6). Plaintiff alleges the FDCPA states in part;

The term "**debt collector**" means any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly

**COMPLAINT FOR DAMAGES**

7

or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.** For the purpose of section 808(6), such term also includes any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

13. Plaintiff seeks damages as a result of Defendant(s) acts.

## IV. FIRST CAUSE OF ACTION
## VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS PRACTICES ACT

14. Paragraphs 1-13 are re-alleged as though fully set out herein.

15. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

16. Plaintiff is a "consumers" as defined in 15 U.S.C. §1692a(3). Defendants are debt collectors as defined in 15 U.S.C. §1692a(6). Defendants were attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

17. Plaintiff served Defendants with a Notice of Dispute in compliance with 15 U.S.C. §1692g. 15 U.S.C. §1692g requires Defendant to provide Plaintiff with verification of the alleged debt once received. 15 U.S.C. §1692g(5)(b) requires

COMPLAINT FOR DAMAGES
8

Defendants to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendants have failed to provide one scintilla of proof of their alleged debt. However Defendants continues to make attempts at collection of the alleged debt through threats to sell Plaintiffs Property.

18. Defendants have violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Possible Defendants violations include, but are not limited to the following:

   a. Defendants have violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   b. Defendants have violated 15 U.S.C. §1692(j) "by using unfair or unconscionably means in connection with the collection of an alleged debt;

   c. Defendants have violated 15 U.S.C. §1692(i), "Any contest over real property must be brought before a judicial court as a judicial action". This means there can be no "non judicial foreclosure by a debt collector". Defendants have sold Plaintiff property non judicially.

**COMPLAINT FOR DAMAGES**

    d. Defendants have violated 15 U.S.C. §1692(j) of the Fair Debt Collection Practices Act by using unfair or unconscionably means in connection with the collection of an alleged debt.

    e. Defendants have violated 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law".

19. Specifically Defendant knew it was not entitled to collect on the non-existent debt.

20. Defendants was fully aware that they were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiffs are obligated to Defendants.

21. Defendants alleges by operation defendants of, execution and filing of the "assignment" Plaintiff became obligated to defendants, and defendants by in large became Plaintiffs creditor.

22. The Assignment in part alleges" valuable consideration" was given to MERS and that both alleged Note and Deed of Trust (Mortgage) was transferred and negotiated to the defendant.

23. Plaintiff seeks judicial determinations as to whether the recorded Assignment of Deed of Trust (Mortgage) and the alleged Note executed by MERS conferred any rights, title and interest in the Plaintiff's subject property. Additionally,

Plaintiff request the court declare whether "valuable consideration" as stated in the assignment is actually monetary or non- monetary in nature of "consideration" and or "valuable consideration".

24. Plaintiff are also entitled to trial and discovery, to afford defendants the opportunity to prove that MERS is named on the Note, take payments on the alleged debt in any manner, whether MERS ever had possession of any alleged Note, and proof defendants paid MERS any monetary value for such alleged debt.

25. Plaintiff are otherwise unable to ascertain the validity of defendants alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiff. Furthermore, Plaintiff is unable to determine the validity of defendants purported assignment of the alleged debt for the following reasons:

    1. Firstly Plaintiff is not familiar and or otherwise is not provided with the definition of the term "valuable consideration" as is the verbiage used on the assignment to defendant.

    2. Secondly, it is Plaintiff understanding that the term "valuable consideration" can be non – monetary in nature.

    3. Thirdly, Plaintiff upon the information and belief understands that MERS is not named on the alleged Note, and never has possession of any

**COMPLAINT FOR DAMAGES**

alleged Notes. MERS could not have transferred, nor received any consideration and or valuable consideration as alleged in this assignment;

26. Plaintiff is otherwise unable to ascertain the validity of Defendants' alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiff.

27. Specifically Defendants knew they were not entitled to collect on the non-existent debt.

28. Defendants was fully aware that they were unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to Defendants.

29. Defendants is therefore liable unto Plaintiff pursuant to 15 U.S.C. §1692(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request the following relief to be awarded for each Cause of Action:

a. For Declaratory Relief, including the following Decrees of this Court that:

**COMPLAINT FOR DAMAGES**
12

b. Plaintiff requests a determination of the court to determine if Defendants in fact is "debt collector" and or "creditor" as defined in Defendants communications, or the act itself.

c. That Defendants A is prohibited from sending any additional notices making demands of Plaintiff regarding such alleged debt;

d. Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

e. Awarding Plaintiff any pre- judgment and post – judgment interest as may be allowed under the law.

f. and any other such damages deemed appropriate by the court.

**Jury trial is demanded.**

Dated: *September 15, 2015*

By: *Erwina A. Ong*

Erwina A. Ong, *Consumer Plaintiff*

**COMPLAINT FOR DAMAGES**
13

# EXHIBIT "A"

# NOTICE OF DEFAULT FROM DEFENDANT

**COMPLAINT FOR DAMAGES**
14

Recording Requested By
When Recorded Mail To

Cal-Western Reconveyance Corp.
P.O. Box 22004
525 East Main Street
El Cajon  CA  92022-9004

*1305663-10*    *NODXR*

Auditor/Controller - Recorder
893  LPS Default Title & Closing

Doc #: 2010-0453306

| | |
|---|---|
| Titles: 1 | Pages: 3 |
| Fees | 24.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 24.00 |

Trustee Sale No. 1305663-10
APN: 1024-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

Space Above This Line For Recorder's Use

Loan No. XXXXXX6334  Ref: ONG, ERWINA
Property Address: E 2172 SUN RIDGE DRIVE, CHINO HILLS  CA  91709

# NOTICE OF DEFAULT

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $23,567.71 as of November 01, 2010, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:
WELLS FARGO BANK, NA

C/O CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON        9004  CA  92022-9004
(619)590-9200

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

# EXHIBIT "B"

## PLAINTIFF NOTICE OF DISPUTE

**COMPLAINT FOR DAMAGES**
15

Erwina Ang Ong, *Consumer Plaintiff*  
c/o 385 S. Lemon Avenue E 355  
Walnut, California [91789]

August 25, 2015

Wells Fargo Bank, NA  
. 5458 East Whittier Blvd Los Angeles, California 90022

CAL-WESTERN RECONVEYANCE CORPORATION  
525 East Main Street ; P.O. Box 22004  
El Cajon, 9004 California 92022 - 9004

RE: **Notice of Dispute, Demand for Verification/Validation of Alleged Debt;**

Property Address: E 2172 Sun Ridge Drive, Chino Hills, California [91709]

I received a dunnig notice from your entity/ agency that i owed the amount stated in your dunning notice.( see attached) According my records reflect you are not, either have been creditor of mine, or one that. I have conducted any consumer transaction with. Therefore your identity is unknown to me at this, you appear not to be known party to any transaction that I **Recall**. This requires further information and documentation from you to verify your status and ca pacity. Therefore I am Respectfully demanding verification and or validation of any alleged debt pursuant to 15 USC§1692g

Based upon the information contained in your dunning notice, and my lack of knowledge of an established business relationship, and or written contract with your company, your alleged debt is hereby disputed in its entirely, including amount alleged to be due and owing.

Be advised the above named person is " consumer" as the term is defined in 15 USC§1692a(3), FDCPA, and California Rosenthal Act (herein after " CRA") 1788.2(g)(h), Upon information and belief your company is attempting to collect a " debt" pursuant to 15 USC§1692a (5), California Rosenthal Act 1788. Based upon documentary evidence available to me, your company appears to have obtained the alleged debt while in default (the assignment or transfer), therefore your are not a" creditor" as defined in 15 USC§1692a(4), California Rosenthal Act 1788.2(i).

Notwithstanding your company is considered a" debt collector" as defined by USC§1692a(6), California Rosenthal Act 1788.2(c),

1  
CONSUMER NOTICE OF DISPUTE, DEMAND FOR VERIFICATION/ VALIDATION OF ALLEGED DEBT

In light of this fact, you are required to comply with all state and federal consumer protection laws.

In concluding, should your company continue collections of the alleged debt, prior to complying with the consumer protections statutes of this state and federal laws, suit may be filed against you without further notice.

Warmest Regards

*Erwina Ang Ong*

Erwina Ang Ong, *Consumer Plaintiff*

Cc File: **NOTICE OF DEFAULT**

Certifified Mail # *7015 0640 0003 9463 7038*

2
CONSUMER NOTICE OF DISPUTE, DEMAND FOR VERIFICATION/ VALIDATION OF
ALLEGED DEBT

## CERTIFICATE OF SERVICE

I certify that a copy of Summons and Complaint will be serve upon Defendant listed below in compliance with FRCP Rule 4;

CAL-WESTERN RECONVEYANCE CORPORATION
c/o R/A RYAN ZACHRESON
7329 Sovereign Court
Citrus Height, California 95621

GALILEO FINANCIAL, LLC
c/o R/A TIMOTHY VERMILYA
32392 S Coast Hwy. Ste. 150
Laguna, Beach California 92651

Dated September 15, 2015

/S/ Kenneth O___

**COMPLAINT FOR DAMAGES**
16